# 2006 DTA 14

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**REGIÓN JUDICIAL DE SAN JUAN**
**PANEL III**

BANCO POPULAR DE PUERTO RICO
Demandante-Reconvenido-Apelado

v.

JOSE RAMÓN GRAU PELEGRI, ALBERTO GRAU PELEGRI
Y TICKET PLAZA, INC. D/B/A TICKET CENTER
Demandados-Reconvinientes-Apelantes

Núm. KLAN-05-00320

San Juan, Puerto Rico, a 14 de noviembre de 2005

Panel integrado por su Presidenta, la Juez Bajandas Vélez,
el Juez Aponte Hernández y el Juez Vivoni del Valle

Aponte Hernández, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Los apelantes, señor José Ramón Grau Pelegrí, señor Alberto Grau Pelegrí y Ticket Plaza, Inc. h/n/c Ticket Center (en adelante, Ticket Center), nos solicitan que revoquemos la *Sentencia* emitida el 2 de febrero de 2005 por el Tribunal de Primera Instancia, Sala de San Juan. Mediante la misma, dicho foro desestimó sin perjuicio la solicitud de *injunction* presentada por Ticket Center, fundamentado en la doctrina de agotamiento de remedios administrativos y jurisdicción primaria. Además, remitió al Comisionado de Instituciones Financieras la controversia sobre la legalidad de la operación del servicio de procesamiento de boletos conocido como TicketPop, para que emitiera una opinión o *"ruling"* por escrito sobre el particular, y paralizó los procedimientos hasta tanto el Comisionado emitiera por escrito su opinión.

En virtud de las consideraciones que expondremos, se modifica la sentencia apelada en cuanto a la paralización del trámite de la causa y la desestimación sin perjuicio del *injunction*, y así modificada, se confirma.

### I

El 12 de abril de 2004, el Banco Popular de Puerto Rico (en adelante, Banco Popular) presentó ante el Tribunal de Primera Instancia (en adelante, TPI) una demanda sobre daños y perjuicios por difamación y libelo, abuso del derecho y competencia desleal en contra de Ticket Center. Alegó, que su competidor le imputó falsamente incurrir en prácticas monopolísticas y conducta anticompetitiva al operar el servicio de boletería TicketPop, con conocimiento de su falsedad, con malicia expresa y con el propósito de dañar su imagen y reputación. ██

. Ticket Center presentó *Contestación a la Demanda y Reconvención*. En síntesis, negó las alegaciones esenciales de la demanda. La reconvención contiene varias causas de acción. Como primera y segunda causa de acción, alegó que Banco Popular copió las estrategias y planes de negocio de Ticket Center que fueron compartidos bajo un acuerdo de confidencialidad, y que tales actuaciones, a su vez, son una forma de competencia desleal. En su tercera causa de acción, alegó que si Banco Popular continúa operando el servicio de

venta de boletos, se estaría permitiendo un método ilegal de competencia que amenaza con causar daños irreparables a Ticket Center. A tales efectos, solicitó que se emitiera una sentencia declaratoria mediante la cual se decretara la ilegalidad de las actuaciones de Banco Popular y un *injunction* se prohibiera a éste continuar con la operación de TicketPop. Por último, en la reconvención se solicita compensación en daños y perjuicios por las manifestaciones difamatorias, por la infracción al acuerdo de confidencialidad y por la competencia desleal.

Banco Popular contestó la reconvención. Posteriormente, presentó *Moción de Desestimación Parcial de Reconvención*, mediante la cual solicitó la desestimación de la tercera causa de acción de la reconvención instada por Ticket Center, en la cual se solicitó una sentencia declaratoria e *injunction*. Amparado en las doctrinas de agotamiento de remedios administrativos y jurisdicción primaria, planteó que la Oficina del Comisionado de Instituciones Financieras (en adelante, Comisionado) es la agencia facultada por ley para dilucidar, en primera instancia, las controversias relacionadas con el negocio de la banca en Puerto Rico, tales como si un banco puede establecer un negocio de venta de boletos. En este sentido, argumentó que corresponde a dicha agencia prohibir la operación de TicketPop.

Ticket Center se opuso a la solicitud de desestimación. ■ Alegó que no existía ningún estatuto que confiera jurisdicción exclusiva al Comisionado para dilucidar la controversia objeto de la solicitud de *injunction*. Señaló, además, que tal agencia no puede conceder el remedio extraordinario solicitado. Por último, arguyó que debido a que la demanda por difamación de Banco Popular se fundamenta en que alegadamente Ticket Center hizo imputaciones falsas sobre la legalidad de las operaciones de TicketPop, la verdad de dicha imputación es una defensa afirmativa de Ticket Center y, por tanto, el tribunal está obligado a adjudicar esa controversia como parte de la reclamación de Banco Popular. ■

El TPI celebró vista el 16 de diciembre de 2004. Concluidos los argumentos de las partes, dicho Foro ordenó que se sometieran memorandos suplementarios en apoyo de sus respectivas posiciones. Ordenó, además, que presentaran sus argumentos en torno a si procedía la paralización de los procedimientos ante el TPI hasta tanto el Comisionado emitiera una decisión por escrito sobre la legalidad de la operación de TicketPop, al entender que se trata de un asunto medular tanto para la solicitud de *injunction* presentada por Ticket Center como para la acción por difamación de Banco Popular.

El 2 de febrero de 2005, el TPI emitió la sentencia recurrida. Fundamentado en la doctrina de agotamiento de remedios administrativos y jurisdicción primaria, desestimó, sin perjuicio, la solicitud de *injunction* presentada por Ticket Center. Resolvió que la Ley de Bancos faculta al Comisionado a resolver la reclamación contenida en la solicitud de *injunction,* en la cual se solicita se desautorice la operación de TicketPop, ofreciendo dicho organismo un procedimiento adecuado en ley que hay que agotar. A tenor, refirió al Comisionado la controversia relativa a la legalidad de la operación de TicketPop para que emitiera una opinión o *"ruling"* por escrito sobre el particular y paralizó los procedimientos del caso hasta tanto el Comisionado emitiera por escrito su opinión. El TPI indicó en su sentencia que quería contar con el beneficio de la opinión del Comisionado al momento de adjudicar la reclamación por difamación de Banco Popular. Ticket Center presentó una moción de reconsideración que fue declarada no ha lugar.

Inconforme, oportunamente Ticket Center acudió ante nos señalando que:

*"Erró el Honorable Tribunal de Instancia al dejar de considerar y resolver la Moción de Desestimación y/o Sentencia Sumaria de la parte demandada que tenía ante sí, infringiendo así las Reglas 1 y 36 de las de Procedimiento Civil y la jurisprudencia sobre mociones de sentencia sumaria en casos de difamación y libelo, en detrimento de la parte demandada-recurrente.*

*Erró el Honorable Tribunal de Instancia al no desestimar la Demanda, toda vez que la acción tomada en la Sentencia apelada equivale a reconocer que no están presentes los requisitos estatutarios y jurisprudenciales*

*para que pueda configurarse la causa de acción por libelo y calumnia, y para que pueda superarse la etapa crítica de la sentencia sumaria.*

*Erró el Honorable Tribunal de Instancia al entender que la doctrina de agotamiento de remedios administrativos y la de jurisdicción primaria son de aplicación a la presente controversia.*

*Erró el Honorable Tribunal de Instancia al desestimar el recurso extraordinario de injunction, paralizar los procedimientos y solicitar una opinión al Comisionado de Instituciones Financieras sobre la legalidad de la venta de boletos por parte del Banco a través de TicketPop, toda vez que dicha determinación no está avalada por nuestro ordenamiento jurídico."*

Conjuntamente con el *Escrito de Apelación,* Ticket Center presentó *Moción en Auxilio de Jurisdicción,* mediante la cual solicitó que se paralizaran los procedimientos ante el Comisionado, hasta tanto se resolviera la apelación. Banco Popular presentó *Oposición a Moción en Auxilio de Jurisdicción.* Ambas partes presentaron escritos en réplica. Mediante orden de 27 de mayo de 2005, este foro declaró no ha lugar la paralización en auxilio de jurisdicción. El 3 de junio de 2005, Banco Popular presentó *Solicitud de Desestimación.* En la misma, informó que el Comisionado presentó ante el TPI *Moción de la Oficina del Comisionado de Instituciones Financieras en Cumplimiento con Orden* y que ello convertía en académicos el tercer y cuarto señalamientos de error del recurso de apelación. ■ Adujo, que conforme a los términos de la sentencia apelada, la notificación de la opinión emitida por el Comisionado tiene la consecuencia de dejar sin efecto la paralización de los procedimientos ante el TPI. En cuanto al primer y segundo señalamientos de error indicó que éstos versan sobre una *Moción de Sentencia Sumaria* que no fue adjudicada mediante la sentencia apelada, razón por la cual este Foro no tiene jurisdicción para atender dichos planteamientos. A tenor con lo anterior, solicitó que el recurso de apelación fuera desestimado en su totalidad.

Ticket Center se opuso a la *Solicitud de Desestimación* de Banco Popular. Argumenta que el caso de autos presenta una excepción a la doctrina de academicidad, pues la controversia sobre si el TPI puede referir una controversia judicial a una agencia de la rama ejecutiva para que ésta se exprese sobre la controversia, reteniendo el tribunal su jurisdicción para luego continuar con los procedimientos judiciales, es una cuestión recurrente. Banco Popular presentó *Réplica a Oposición a Solicitud de Desestimación.* Ticket Center presentó *Dúplica.* Así las cosas, Banco Popular presentó una *Solicitud de Término* para replicar a la dúplica la cual aquí declaramos no ha lugar. Estando en posición de resolver, procedemos.

**II**

De entrada, debemos destacar que, tal como indica Banco Popular, los primeros dos señalamientos de error versan sobre una *Moción de Desestimación y/o Sentencia Sumaria* que no formó parte de los asuntos resueltos mediante la sentencia apelada. Una lectura de la misma, refleja que la determinación del TPI sólo dispuso en cuanto a la *Moción de Desestimación Parcial de Reconvención* presentada por Banco Popular y la oposición que presentó Ticket Center a tales efectos. La sentencia no examina, ni siquiera alude a la *Moción de Desestimación y/o Sentencia Sumaria* presentada por Ticket Center ante dicho foro. No podemos revocar un asunto no considerado por el TPI. Dicha circunstancia nos impide ejercer nuestra función revisora en cuanto al primer y segundo señalamientos de error. Por tanto, atenderemos los restantes señalamientos de error.

**III**

En el tercer señalamiento de error, aduce Ticket Center que erró el TPI al paralizar los procedimientos hasta que el Comisionado emitiera por escrito su opinión.

Como se sabe, el foro de instancia está facultado para resolver las incidencias durante el trámite litigioso, conforme al sano ejercicio de su discreción. La discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *Ramírez v. Policía de P.R.,* **2003 J.T.S. 3**; *Pueblo*

*v. Ortega Santiago*, 125 D.P.R. 203 (1990). A tales efectos, el tribunal debe utilizar su discernimiento de forma razonable, teniendo como fin último alcanzar una solución justa. La discreción no puede ejercerse de forma arbitraria o irrazonable. *Ramírez v. Policía de P.R.*, *supra*. Ello es así porque el adecuado ejercicio de la discreción judicial está inexorable e indefectiblemente atado al concepto de la razonabilidad. *Ramírez v. Policía de P.R.*, *supra*; *Rivera y otros v. Bco. Popular*, 152 D.P.R. 140 (2000); *Pueblo v. Ortega Santiago, supra*.

De ordinario, merecen nuestra deferencia las actuaciones del foro de instancia al ejercitar facultades discrecionales. Como corolario de lo anterior, sólo intervendremos con el ejercicio de la discreción en aquellas situaciones en que se demuestre que el foro recurrido: (1) actuó con prejuicio o parcialidad; (2) incurrió en un craso abuso de discreción; o (3) se equivocó en la interpretación de cualquier norma procesal o de derecho sustantivo. *Rivera y otros v. Bco. Popular, supra*; *Lluch v. España Service*, 117 D.P.R. 729 (1986). En cambio, si la actuación del tribunal no está desprovista de base razonable ni perjudica los derechos sustanciales de una parte, debe prevalecer el criterio del juez de instancia a quien corresponde la dirección del proceso. *Sierra v. Tribunal Superior*, 81 D.P.R. 554 (1959).

En consecuencia, la parte que cuestiona prerrogativas inherentes al ejercicio de discreción judicial, viene obligada a demostrar que el tribunal incurrió en abuso de discreción. Recuérdese, que la sana administración de la justicia y la disposición expedita de las controversias litigiosas, requieren que los jueces de instancia tengan flexibilidad para lidiar con la tramitación de los asuntos judiciales. *E.L.A. v. Asoc. de Auditores*, 147 D.P.R. 669 (1999).

Surge de la resolución recurrida que el TPI, en deferencia al conocimiento especializado del Comisionado, optó por esperar la opinión escrita de dicha agencia en relación a la controversia sobre la legalidad de la operación de TicketPop, entendiendo que dicho asunto es medular a las reclamaciones de ambas partes.

En el recurso de apelación, Ticket Center cuestiona la remisión de dicho asunto al Comisionado y solicita que decretemos que es al TPI a quien corresponde adjudicar la controversia en torno a la legalidad de TicketPop y decretar el *injunction* solicitado. Sin embargo, estando pendiente de adjudicación la causa ante nos, el 12 de mayo de 2005, el Comisionado presentó ante el TPI *Moción de la Oficina del Comisionado de Instituciones Financieras en Cumplimiento de Orden*, mediante la cual comunicó la opinión requerida en la sentencia apelada. ■

Ante el hecho de que el Comisionado ya emitió el *"ruling"* solicitado por el TPI, la revocación de la sentencia apelada en cuanto a este aspecto no tiene efecto práctico sobre el pleito. Dicho *"ruling"* no adjudica en los méritos la controversia sobre la legalidad de las operaciones de TicketPop, sino que sólo constituye una ayuda para que el TPI ejerza su función adjudicativa en cuanto al asunto. Es menester aclarar que en la sentencia apelada, el TPI sólo solicitó la opinión del Comisionado en cuanto al asunto en controversia. Expresamente, el TPI señaló que solicitaba la opinión para *"contar con el beneficio del expertise y/o conocimiento especializado del Comisionado de Instituciones Financieras para propósitos de adjudicar la reclamación del Banco Popular de Puerto Rico por difamación, en la cual la controversia sobre la legalidad es medular"*. ■ En ninguna forma, el TPI ordenó que fuera el Comisionado quien adjudicara el asunto. Será el TPI quien pasará juicio sobre la legalidad de las operaciones de TicketPop, según lo solicita Ticket Center mediante el presente recurso. Por tanto, la objeción de Ticket Center a la solicitud del TPI de la opinión del Comisionado, se convirtió en académica.

Un asunto se torna académico cuando su condición de controversia viva y presente sucumbe ante el paso del tiempo. *P.N.P. v. Gobernadora*, 2004 J.T.S. 100; *Emp. Pur. Des., Inc. v. H.I.E. Tel.*, 150 D.P.R. 924 (2000); *P.P. D. v. Gobernador I*, 139 D.P.R. 643 (1995); *Asoc. de Periodistas v. González*, 127 D.P.R. 704 (1991); *Noriega v. Gobernador*, 122 D.P.R. 650 (1988); *El Vocero v. Junta de Planificación*, 121 D.P.R. 115 (1988). *"Los tribunales pierden su jurisdicción sobre un caso por academicidad cuando ocurren cambios durante el trámite judicial de una controversia particular que hacen que ésta pierda su actualidad, de modo que el remedio que pueda dictar el tribunal no ha de llegar a tener efecto real alguno en cuanto a esa controversia. Con esta limitación sobre el*

*poder de los tribunales, se persigue evitar el uso innecesario de los recursos judiciales y obviar pronunciamientos autoritativos de los tribunales que resulten superfluos." C.E.E. v. Depto. de Estado*, 134 D.P.R. 927, 935-36 (1993); *Com. de la Mujer v. Srio. de Justicia*, 109 D.P.R. 715, 724-725 (1980).

Sin embargo, existen situaciones especiales o excepciones a la doctrina de academicidad, en las cuales los tribunales pueden atender un caso que se ha tornado académico. Una de ellas es cuando en un caso se plantea una cuestión recurrente, o sea, susceptible de volver a ocurrir, pero que por la naturaleza efímera de los hechos que provocan la cuestión es difícil que logre ser dilucidada por los tribunales. *Noriega v. Hernández Colón*, 135 D.P. R. 406 (1994); *C.E.E. v. Depto. de Estado, supra*; *El Vocero v. Junta de Planificación*, 121 D.P.R. 115 (1988); *Asoc. de Periodistas v. González, supra*; *Com. de la Mujer v. Srio. de Justicia, supra*.

Ticket Center entiende que la controversia planteada no se ha tornado académica, pues la interrogante sobre si el TPI puede referir una controversia judicial a una agencia de la rama ejecutiva para que ésta se exprese sobre la misma, reteniendo el tribunal su jurisdicción para luego continuar con los procedimientos judiciales, es una susceptible de repetirse y es probable que evada la jurisdicción de los tribunales. No tiene razón. Entendemos que aunque la situación planteada puede ser recurrente, cada caso debe ser analizado conforme a la problemática particular que presente, tomando en consideración la discreción con que cuenta el TPI para el manejo de los asuntos ante su consideración.

**IV**

En el cuarto señalamiento de error, Ticket Center alega que el TPI erró al denegar el *injunction* solicitado para prohibir que Banco Popular continuara con la operación de TicketPop, fundamentando su determinación en las doctrinas de jurisdicción primaria y agotamiento de remedios administrativos. Tiene razón.

El recurso de *injunction* quedó definido en Puerto Rico, como un remedio extraordinario basado en la equidad, en virtud del cual el tribunal ordena a una persona bajo apercibimiento de desacato que realice o deje de realizar un acto que infrinja o perjudique el derecho de otra. A los fines de este remedio, se adoptó el mismo precepto cardinal de la equidad que exige al solicitante demostrar que carece de un remedio adecuado en ley. *A.P. P.R. v. Tribunal Superior*, 103 D.P.R. 903 (1975).

El *injunction,* por su naturaleza de recurso extraordinario, se expide con carácter discrecional y mientras exista algún remedio eficaz, completo y adecuado en ley, no se considerará el daño como irreparable. A estos efectos, constituye un daño irreparable aquél que no puede ser adecuadamente satisfecho mediante la utilización de los remedios legales disponibles. Por lo tanto, antes de expedir un *injunction,* el tribunal debe tomar en consideración la existencia o ausencia de algún otro remedio, adecuado en ley que evite la expedición de éste. *Pérez Vda. Muñiz v. Criado, supra*. En la evaluación de la procedencia del remedio, el tribunal deberá, en el ejercicio de su discreción, efectuar un análisis de las alegaciones ponderando los intereses de las partes involucradas. *Mun. de Ponce v. Gobernador*, 136 D.P.R. 776 (1994). Esta discreción no puede ejercerse mediante automatismo judicial. *Misión Ind. P.R. v. J.P.*, 142 D.P.R. 656 (1997). De ahí, que luego de sopesar los intereses en pugna, el tribunal no vendrá obligado a emitir el *injunction* si a su juicio la balanza se inclina en contra de su expedición. *García v. World Wide Entmt. Co.*, 132 D.P.R. 378 (1992).

Respecto al *injunction* permanente, se ha establecido como norma general que éste no procederá en aquellos casos en que exista otro remedio adecuado, rápido y eficaz en ley. *Torres v. Rodríguez*, 101 D.P.R. 177 (1973). Este recurso *"debe expedirse con sobriedad y sólo ante una demostración de clara e intensa violación de un derecho"*. *A.P.P.R. V. Tribunal Superior, supra*; *Pérez Vda. Muñiz v. Criado*, 151 D.P.R. 355 (2000). Los factores que deben tomarse en consideración para emitir un recurso de *injunction* permanente son: (1) si el demandante ha prevalecido en un juicio en sus méritos; (2) si el demandante posee algún remedio adecuado en ley; (3) el interés público envuelto; y (4) el balance de equidades. *Pérez Vda. Muñiz v. Criado, supra*. Nuestro Tribunal Supremo ha sido enfático al requerir que antes de expedir el *injunction*, ya sea preliminar o permanente, los tribunales

consideren la existencia o ausencia de algún otro remedio en ley que evite la expedición de dicho recurso.

En el caso de marras, Ticket Center alega que la venta de boletos a través de TicketPop le ocasiona un daño irreparable, pues ambas entidades están compitiendo dentro del mismo tipo de negocio, pero Banco Popular lo hace sin tener autoridad en ley para ello. Sostiene Ticket Center que de decretarse la ilegalidad de las operaciones de Banco Popular, la reclamación de éste carecería de méritos. Es nuestro deber determinar si Ticket Center cumple con los criterios establecidos por el Tribunal Supremo al considerar la concesión de un *injunction*. La discreción del Tribunal debe ser compelida a la concesión del recurso extraordinario en cuestión. Conforme el derecho vigente que previamente mencionáramos, el remedio de *injunction* es un recurso extraordinario que por su naturaleza debe expedirse sólo en aquellas situaciones que verdaderamente lo ameriten.

De inicio, se debe aclarar que para sostener su reclamación por difamación y libelo en contra de Ticket Center, Banco Popular alega expresamente en su demanda que la operación de TicketPop está debidamente autorizada. En defensa de tales contenciones, en su reconvención. Ticket Center sostiene que Banco Popular opera un servicio de venta de boletos sin tener autorización en ley para ello, incurriendo con ello en una forma de competencia desleal. Al tenor, solicita el cese y desista de la operación de TicketPop. El TPI entendió que para poder adjudicar la solicitud de *injunction* se debía interpretar el alcance y contenido de las disposiciones legales que regulan el negocio de la banca, en aras de determinar si el servicio de procesamiento de pago de boletos por una institución bancaria es uno propio de un banco o, de lo contrario, debe prohibirse. Tal interpretación, a su vez, era necesaria previo a adjudicar la reclamación de difamación y libelo de Banco Popular. A tales efectos, desestima el *injunction* fundamentado en las doctrinas de agotamiento de remedios administrativos y jurisdicción primaria, refiriendo al Comisionado la controversia en cuanto a la legalidad de las operaciones de TicketPop.

Sin embargo, la opinión del Comisionado en cuanto al asunto que le fuera referido, la cual en efecto ya fue emitida, no obliga al TPI. Por el contrario, es el TPI quien tiene que hacer la determinación sobre la legalidad o no de la operación de TicketPop. Por tanto, el TPI está en posición, y siempre ha estado, de pasar juicio sobre la legalidad de las operaciones de TicketPop. Nótese, además, que las alegaciones Ticket Center son suficientes para determinar razonablemente si, de no concederse el *injunction*, dicha parte sufriría daños graves. De determinarse efectivamente que Banco Popular está operando su negocio de venta de boletos en contravención a las leyes y reglamentos aplicables, no habría base alguna para que pudiera subsistir la demanda de difamación y libelo que se fundamenta, precisamente, en la denuncia que hizo Ticket Center sobre la ilegalidad de dichas operaciones. Es así que la solicitud de *injunction* incluida en la reconvención de Ticket Center no debió desestimarse, sino resolverse antes de considerar las demás reclamaciones de la demanda y previo a que concluya el trámite judicial. Erró el TPI al desestimar el *injunction* solicitado.

## V

Por los fundamentos expresados, se modifica la sentencia apelada al único fin de dejar sin efecto la paralización del trámite de la causa y la desestimación sin perjuicio del *injunction*, y así modificada, se confirma. Se ordena la continuación de los procedimientos conforme con lo aquí resuelto.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal.

Laura M. Vélez Vélez
Secretaria del Tribunal de Apelaciones